IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUIS BIZARDI, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : |
| | : NO. _____ |
| MILLENNIUM FINANCIAL GROUP, LLC, an Oklahoma limited liability company, | : |
| Defendant. | : |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, MILLENNIUM FINANCIAL GROUP, LLC, is a corporation formed under the laws of the State of Oklahoma. [Hereinafter, said Defendant is referred to as "MILLENNIUM"].

5. MILLENNIUM transacts business in this state.

6. MILLENNIUM's transactions in this state give rise to the Plaintiff's cause of action.

7. MILLENNIUM is subject to the jurisdiction and venue of this Court.

8. MILLENNIUM may be served upon its registered agent in the State of Oklahoma, to wit: David L. Speed, 2720 N.W. 42nd Street, Oklahoma City, OK 73112, or wherever said agent may be found.

9. Alternatively, MILLENNIUM may be served by personal service upon a registered agent and/or officer at its primary place of business in the State of Oklahoma, to wit: 5770 N.W. Expressway, Suite 102, Oklahoma City, OK 73132.

10. Alternatively, MILLENNIUM may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Oklahoma.

## FACTS COMMON TO ALL CAUSES

11. MILLENNIUM uses the mails in its business.

12. MILLENNIUM uses telephone communications in its business.

13. The principle purpose of MILLENNIUM's business is the collection of debts.

14. MILLENNIUM regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. MILLENNIUM is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, MILLENNIUM communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

17. The alleged debt which MILLENNIUM attempted to collect from the plaintiff was incurred for personal, family or household purposes.

18. During the preceding 12 months, MILLENNIUM left at least two telephone messages for Plaintiff requesting a return call.

19. In the messages, MILLENNIUM did not meaningfully disclose its identity.

20. In the messages, MILLENNIUM did not state that the communications were from a debt collector.

21. In the messages, MILLENNIUM did not state that the purpose of the communications were an attempt to collect a debt.

22. Defendant's communications violate the Fair Debt Collection Practices Act.

23. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

24. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

25. Defendant's violations of the FDCPA include, but are not limited to, the following:

26. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

27. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

28. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

29. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

–Signature Page to Follow–

Respectfully submitted,

  /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
 Suite 204 ● Decatur, GA 30030
(404) 373-1970 ● fax: (404) 601-1855